1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

### EASTERN DISTRICT OF CALIFORNIA

10
11

MANUEL ANTONIO GONZALEZ, III,

Case No. 1:15-cv-00680 DLB PC

12

Plaintiff,

ORDER DENYING MOTION FOR STAY
[ECF No. 8]

13

v.

14

J. RAZO, et al.,

ORDER DENYING PLAINTIFF'S
MOTION FOR RECONSIDERATION
[ECF No. 12]

15

Defendants.

16
17

Plaintiff Manuel Antonio Gonzalez, III, # T-42888, a state prisoner proceeding pro se, filed

18

this civil rights action pursuant to 42 U.S.C. § 1983 on May 4, 2015, along with a motion for leave

19

to proceed in forma pauperis.  On May 15, 2015, Plaintiff consented to the jurisdiction of the

20

Magistrate Judge pursuant to 28 U.S.C. § 636(c).

21

On May 28, 2015, the Court determined that Plaintiff is subject to 28 U.S.C. § 1915(g),

22

having brought an action on three or more occasions that was dismissed on grounds of being

23

frivolous, malicious, or failing to state a claim upon which relief may be granted.  The Court issued

24

an order denying Plaintiff's motion for leave to proceed in forma pauperis, and dismissed the action

25

without prejudice to refiling accompanied by the $400.00 filing fee.  Judgment was entered that

26

same date.

27

On June 5, 2015, Plaintiff filed a request that the case be stayed for forty-five days pending

28

payment of the filing fee.  Plaintiff is informed that the case was dismissed and closed on May 28,

1

2015.  The dismissal was without prejudice to refiling with payment of the filing fee.  Therefore, Plaintiff is not precluded from refiling the complaint once he obtains the required filing fee.

On June 8, 2015, Plaintiff filed a motion for reconsideration of the order dismissing the case. Plaintiff objects to the dismissal of the action without allowing Plaintiff a reasonable time to provide the required filing fee.

Rule 60(b) allows the Court to relieve a party from an order for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; or (6) any other reason that justifies relief." Fed.R.Civ.P. 60(b). Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances ..." exist.  Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted).  The moving party "must demonstrate both injury and circumstances beyond his control...." Id. (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir.2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation ..." of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D.Cal.2001).  To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern–Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

Here, the Court finds no reason to reconsider the order dismissing the action. As previously

stated, the dismissal was without prejudice to refiling with payment of the filing fee.   Nothing precludes Plaintiff from proceeding with his complaint.  He need only file it with payment of the full filing fee.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motions for stay and for reconsideration are DENIED.

IT IS SO ORDERED.

Dated:   **June 16, 2015**                              /s/ *Dennis L. Beck*
                                        UNITED STATES MAGISTRATE JUDGE

3